UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-388-EBA

SHONNA SEXTON o/b/o S.A.S.,                                                        PLAINTIFF,

V.      **MEMORANDUM OPINION
AND ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,                                                   DEFENDANT.

### I. INTRODUCTION

The instant action is one for judicial review of a decision denying Plaintiff's application for Supplemental Security Income [SSI] benefits. The matter is before the Court on cross-motions for summary judgment. [Record Nos. 15 and 16.] For the reasons stated herein, the Plaintiff's motion will be denied, and the Defendant's motion will be granted.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2003, Plaintiff filed an application on behalf of her child for SSI benefits. [Tr. 54-56.] The application was denied initially and upon reconsideration. [Tr. 33-35, 41-43.] On January 21, 2005, the matter came for a hearing before Administrative Law Judge ["ALJ"] Hon. Richard C. Bentley. [Tr. 210.] The hearing proceeded with testimony by the claimant's mother and grandmother. [Tr. 210-224.] This testimony indicated that the child occasionally became short of breath, that care givers must administer nebulizer treatments twice every-other day, that the child wheezes daily, and that on one

occasion in December 2004, the child experienced a near-syncope episode. At the time of hearing, the child had been prescribed a Holter monitor, which had not yet been put to use. [Tr. 221.]

The record below reflects that the Plaintiff has pulmonary stenosis and atrial septal defect as established by multiple pediatric echocardiograms and corroborated by the persistent observation of systolic murmurs by examining physicians. [Tr.133-133, 142-53, 184-87, 188-95, 196-99, 200-02, 203-04.] The child's treating physician, Jorge Ang, M.D., regarded both diagnoses as mild in his report of February 4, 2005. [Tr. 204.] Dr. Ang also diagnosed asthma in June 2004 after observing rhonchi and chest rattling with reports of shortness of breath. [Tr. 142.] The Plaintiff was diagnosed with pseudo-esotropia by Robert Baker, M.D., after a November 2004 eye examination. [Tr. 190.] Dr. Baker remarked that the child's vision problem did not require corrective lenses, and advised a follow-up appointment in one year. [Tr. 190.] On January 4, 2005, Dr. Ang diagnosed bilateral internal tibia torsion, noting that the child's tibias curved in somewhat when the patellas were facing the upright position. [Tr. 189.]

On January 10, 2005, the claimant was evaluated by Dr. Mehta a treating cardiologist. He did not prescribe medication, placed no restrictions or limitations placed on claimant's activities, and stated that the prognosis was good. [Tr. 184.]

At the administrative hearing held on January 21, 2005, the ALJ gave the claimant thirty additional days to tender the opinions of Dr. Ashok V. Mehta, a treating cardiologist, regarding whether the claimant met the Listing of Impairments ["Listing"]. 20 C.F.R. pt.

2

404, subpt. P, app. 1 [Tr. 222]. In the alternative, the ALJ informed counsel and the parties that he may refer the records to a board certified cardiologist for consultation. [Tr. 223.]

As discussed at the administrative hearing, the file was reviewed by a board certified cardiologist, Dr. James Anderson, whose report was made a part of the record. [Tr. 202.] Dr. Anderson specializes in thoracic & cardiovascular surgery and cardiology, and expressed an opinion that the child's impairments do not meet or equal a listed impairment. [Tr. 190.]

To determine if the Plaintiff was disabled and therefore qualified for benefits under the Act, the ALJ employed a three-step analysis under 20 C.F.R § 416.924. [Tr. 18.] This analysis requires that first, the child must not be engaged in substantial gainful activity; second, the child must have a severe impairment; and third, the severe impairment must meet, medically equal or functionally equal one of the impairments contained in 20 C.F.R. pt. 404, subpt. P, app. 1. See 20 C.F.R § 416.924 (2005); Elam ex. Rel. Golay v. Barnhart, 348 F.3d 124, 125 (6th Cir. 2003). The ALJ found that Plaintiff had never engaged in substantial gainful activity. [Tr. 19, 24.] Secondly, the ALJ found that Plaintiff had pulmonary stenosis, atrial septal defect, asthma, pseudo-esotropia, and internal tibia torsion, all of which were considered severe. [Tr. 19-20, 24.] Finally, the ALJ determined that Plaintiff's impairments did not meet, medically equal or functionally equal any impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. [Tr. 24.] Because the ALJ found that the evidence failed to establish that the impairments met or medically equaled a listed impairment, he evaluated the functional limitations resulting from the Plaintiff's impairments in six domains. See 20 C.F.R. § 416.926(a). [Tr. 21.] The ALJ found that the claimant had less than marked

limitation in the following areas: (1) the ability to acquire and use information; (2) the ability to focus and maintain attention, begin and carry through activities to completion, and ease of changing activities; (3) the ability to initiate and sustain emotional connections with others, develop and use language, cooperate with others, follow rules, respond to criticism, and respect others' property; (4) gross and fine motor skills; (5) the ability to maintain a healthy emotional and physical state, including coping with stress and environmental changes; caring for his own health, possessions and surroundings; and (6) the ability to move about and manipulate objects.  [Tr. 21-23.]

On May 31, 2005, the ALJ issued an unfavorable decision denying benefits.  [Tr. 15-24.] Plaintiff requested review of the decision by the Social Security Administration Appeals Council ["Council"] which was denied.  [Tr. 14, 10-13.]  The instant action for judicial review followed and is now ripe for review pursuant to 42 U.S.C. § 1383(c)(3).

### III. STANDARD OF REVIEW

The issue on review is whether the ALJ's decision is supported by substantial evidence, 42 U.S.C. §405(g); see Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005); Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001); Smith v. Chater, 99 F.3d 780, 781-82 (6th Cir. 1986), and whether the proper legal standard was employed in reaching the decision.  See Brainard v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Garcia v. Sec'y of Health & Human Servs., 46 F.3d 552, 555 (6th Cir. 1995);

Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).  The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir. 1987)).

## IV. ANALYSIS

The Plaintiff states that Dr. Ang opined on January 11, 2005, that claimant's pulmonary stenosis met or equaled the Listing of Impairments found at 20 C.F.R. pt. 404, subpt. P, app. 1.  [Tr. 188.]  As a result of the ALJ's failure to find that Plaintiff met or equaled the Listing based upon this report of Dr. Ang, the Plaintiff argues that the ALJ committed error, and that his opinion is not based upon substantial evidence.  However, a review of the record indicates that the ALJ's decision is based upon substantial evidence, and should not be disturbed.

Generally, an ALJ commits reversible error if he or she has improperly failed to accord greater weight to a treating physician's opinion than to the opinion of a doctor to whom the Plaintiff was sent for the purpose of gathering information against his disability claim, an examining or consultative physician.  Bowie v. Harris, 679 F.2d 654, 656 (6th Cir.

1982). However, this presumes that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Further, opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Sec'y of Health & Human Servs., 823 F.2d 922, 927 (6th Cir. 1987); Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 530 (6th Cir. 1997) (holding that treating physician's opinion is entitled to controlling weight when the medical opinion is not inconsistent with the other substantial evidence in the record).

The weight to be given to the opinions of a treating physician compared with the weight to be given to those of an examining or consultative physician depends on several factors. "Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 404.1527(d)(1). Further, all of the general rules about the weight to be given to a particular class of physicians' medical opinions presumes that the physician's opinion is based on objective medical findings, or what the regulations call "supportability." See 20 C.F.R. § 404.1527(d)(3); Houston, 736 F.2d at 367; King, 742 F.2d at 973. Other factors which are to be considered in deciding how much weight to afford to a medical opinion are consistency, specialization, and the length, nature, and extent of the treating relationship, if one exists. See 20 C.F.R. § 404.1527(d). Ultimately, however, "the determination of disability is the prerogative of the [Commissioner], not the [ ] physician," and the Commissioner is not bound by the physician's medical opinions. Houston, 736 F.2d at 367.

In the instant matter, the Plaintiff argues that the ALJ should have relied upon the report of Dr. Ang that Plaintiff's impairments met or equaled the Listing. However, the one sentence report of Dr. Ang is conclusory in nature and lists no objective criteria upon which Dr. Ang bases his opinion. As discussed at the administrative hearing, the file was reviewed by a board certified thoracic and cardiovascular surgeon and cardiologist, Dr. James Anderson, whose report was made a part of the record. [Tr. 202.] Dr. Anderson expressed his opinion that Plaintiff's limitations in each of the six domains was less than marked and as a result did not meet the Listing. [Tr. 200-02.] In reaching his decision, the ALJ relied upon this as well as the disability evaluations of two physicians, Dr. Dennis Penn and Dr. William Underwood, who also found no limitations in the six domains. [Tr. 119-127.] As the opinion is clearly supported by substantial evidence in the record, it cannot now be disturbed.

Accordingly, the Commissioner's motion for summary judgment will be GRANTED, and the Plaintiff's motion for summary judgment will be DENIED.

## V. CONCLUSION

Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1) The Defendant Commissioner's motion for summary judgment [Record No. 16] is hereby GRANTED;

(2) Plaintiff's motion for summary judgment [Record No. 15] is hereby DENIED;

(3) Judgment be entered affirming the Commissioner's decision, dismissing this

action with prejudice, and directing that this action be stricken from the Court's docket.

    Signed September 19, 2006.



Date of Entry and Service: